IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
THE ESTATE OF MOLLY SUTTON,         )
By Co-Executors, Brenda Smith and   )
Peggy Tadlock,                      )
                                    )
                Plaintiff,          )
                                    )
        v.                          )     1:06CV787
                                    )
WALNUT STREET SECURITIES, INC.,     )
                                    )
                Defendant.          )
```

**RECOMMENDATION OF MAGISTRATE JUDGE ELIASON**

Defendant Walnut Street Securities, Inc. ("Walnut Street") has filed a motion to dismiss the complaint for being time barred. It points out that a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense, including that the claims are barred by the applicable statute of limitations. Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181 (4th Cir. 1996).

The complaint shows that in 1999, Molly Sutton, who is now deceased, purchased securities through a company called Foil & Associates, Inc. One of the owners, Marie Foil, was a licensed broker through Defendant Walnut Street. Defendant reports, without objection by Plaintiff, that the investment in securities was the purchase of ETS Pay Phones, Inc. ("ETS"). In 2002, ETS went into bankruptcy. The Estate of the deceased then filed a lawsuit against Foil & Associates. In paragraph 20 of the complaint, it is

revealed that Foil & Associates and the owners also filed bankruptcy.

The Estate filed the instant action in state court in July 2006. It was promptly removed by Defendant to this Court on the ground of diversity of citizenship. 28 U.S.C. §S 1332 and 1441(b).

The complaint alleges four causes of action: (1) breach of contract; (2) fraud and misrepresentation; (3) unfair and deceptive trade practices; and (4) breach of fiduciary duty. All claims arise under North Carolina law. Defendant shows that each of these causes of action are barred by the applicable statute of limitation. The statute of limitation covering breach of fiduciary duty, and fraud and misrepresentation is found in N.C. Gen. Stat. § 1-52(5)&(9), and for the unfair trade practices in N.C. Gen. Stat. § 75-16.2. The times are, respectively, three years and four years from the date of discovery or when the deception should have been discovered in the exercise of reasonable diligence. Rothmans Tobacco Co., Ltd. v. Liggett Group, Inc., 770 F.2d 1246, 1249 (4th Cir. 1985); Shepherd v. Shepherd, 57 N.C. App. 680, 682-683, 292 S.E.2d 169, 170-171 (1982). In addition, with respect to the Unfair and Deceptive Trade Practices Act claim, it does not cover securities transactions. City Nat. Bank v. American Commonwealth Financial Corp., 801 F.2d 714 (4th Cir. 1986).

In the instant case, there is no question that Plaintiff had notice or should have had notice concerning the fraud and Unfair and Deceptive Practice Act claims because of the filing of the ETS

bankruptcy and the filing of its own lawsuit against Foil & Associates in 2001.

The claim for breach of contract is also time barred. For contract actions, accrual occurs at the time of breach. <u>Rothmans</u>, 770 F.2d at 1249. While it is not clear that the complaint even alleges a breach of contract claim against this Defendant, as opposed to some sort of tort claim, even if there were sufficient allegations, they are far beyond the three-year limitation period contained in N.C. Gen. Stat. § 1-52(1). <u>Shepherd v. Shepherd</u>, <u>supra</u>.

In face of the motion to dismiss, Plaintiff merely cites the proposition that a complaint should not be dismissed unless it appears beyond doubt that the party would not be entitled to relief. While this is true, Plaintiff fails to address the statute of limitations defense. It only states that the complaint gives notice of events which could raise substantive claims. For one thing, as already noted, there are serious issues concerning whether the breach of contract and unfair and deceptive trade practice claims are proper. But, in any event, none of this shows that Defendant's motion to dismiss based on the statute of limitations defense would be improper.

**IT IS THEREFORE RECOMMENDED** that Defendant's motion to dismiss be granted and this action be dismissed.

/s/ Russell A. Eliason
**United States Magistrate Judge**

March 8, 2007

-3-